DIEGO AGÜEROS & Co., Plaintiffs and Appellees, *v.* LEANDRO FRONTADO, Defendant and Appellant.

No. 4080. Argued December 6, 1926.—Decided December 14, 1926.

Carmelo Honoré for the appellant. *Francisco Soto Gras* and *R. Díaz Collazo* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

The appellee moved for dismissal of the appeal for the reason that it was frivolous and that its purpose was to delay the proceedings.

The action was brought on a promissory note for the sum of $1,670.84 to be paid by the debtor in ten monthly instalments of $167.08 each on the 30th day of each month, the first payment falling due on the 30th of May, 1925. The plaintiff alleged that the defendant had failed to pay the instalments corresponding to the months of May, June and July, 1925, the whole amount of the note becoming due therefore under its terms.

The defendant acknowledged the note and alleged as a defense that he had paid the instalments mentioned in the complaint. The case was tried in the absence of the defendant, and after hearing the evidence of the plaintiffs, the court gave judgment for them. Later the attorney for the defendant moved to reconsider and set aside the judgment, alleging that on the 11th of February, the day set for the trial, he had to attend as a Government employee the ceremony of the acceptance of the Isabela Irrigation works; that his absence was unavoidable, and, moreover, that if he did not appear at the trial, it was because he was relying on promises to hear the case at any time at the convenience of the parties. The court below rightly overruled the motion to reconsider because defendant's counsel did not allege sufficient facts of a legal character to justify the granting of the motion.

Assuming that this incident may be within our jurisdiction, the frivolity of the pretexts advanced by the appellant's counsel was apparent. It simply shows how incompatible

and risky it is to perform the duties of a public employee and to practice as an attorney-at-law. One or the other must be neglected.

It does not appear that the defendant opposed the motion. Therefore, nothing apparently exists as regards the merits of the case for reversing the judgment. The motion of the appellees must be sustained and the appeal dismissed.

Mr. Justice Hutchison took no part in the decision of this case.